| | |
|---|---|
| YOHAN CROSS,<br><br>Plaintiff,<br><br>v.<br><br>JOHN-JANE DOE #1, *et al.*,<br><br>Defendants. | Case No. 2:21-cv-00693-JAM-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>ECF No. 2<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) FILE AN AMENDED COMPLAINT; OR<br><br>(2) NOTIFY THE COURT THAT HE WISHES TO STAND BY HIS COMPLAINT, SUBJECT TO DISMISSAL OF CLAIMS AND DEFENDANTS<br><br>ECF No. 1<br><br>SIXTY-DAY DEADLINE |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff Yohan Cross is a former state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. He alleges that three "Doe" defendants violated his Eighth Amendment rights by failing to provide adequate care for an injury to his thumb. ECF No. 1 at 10. I find that the complaint does not state a cognizable claim, but I will give plaintiff leave to amend.

Plaintiff has also filed an application to proceed *in forma pauperis*. ECF No. 2. It makes the proper showing, and I will grant it.

1

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But the court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). "'A liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that, on December 2, 2020, while incarcerated at California State Prison-Sacramento, he broke a bone in his right thumb. ECF No. 1 at 10. Three days later, he sought medical attention. *Id.* He claims, however, that he received no medical care for his thumb until February 9, 2021—more than two months after the injury. *Id.* at 11. By that time, his thumb had healed improperly, and he had lost full use of it. *Id.* at 12.

Plaintiff alleges that the three "Doe" defendants, two of whom were physicians and one of whom was the Chief Medical Officer, were responsible for the delay in care. *Id.* at 13-14. He does not, however, allege how they were responsible; he does not make specific allegations against each defendant, as the pleading standard requires. *See Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW (PC), 2009 U.S. Dist. LEXIS 41499, *7 (E.D. Cal. 2009) ("[A] complaint must put each defendant on notice of Plaintiff's claims against him or her, and their factual basis."). Instead, he attributes all wrongdoing to the defendants collectively and does not describe what each did or failed to do. The complaint cannot proceed unless and until this deficiency is corrected. Plaintiff is also advised that, even if a future complaint states cognizable claims, I cannot order service on a defendant who cannot be identified. He should take whatever steps are available to him to identify the "Doe" defendants in this action.

I will give plaintiff leave to amend his complaint before recommending dismissal of this action. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. When an amended complaint has been filed, the current complaint will no longer serve any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Within sixty days from the service of this order, plaintiff must either file an Amended Complaint or advise the court he wishes stand by his current complaint.

3. Failure to comply with this order may result in the dismissal of this action.

4. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated: April 29, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE